FILED
CLERK, U.S. DISTRICT COURT

JAN - 4 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1

2

3

4

5

6                   UNITED STATES DISTRICT COURT

7                   CENTRAL DISTRICT OF CALIFORNIA

8                          WESTERN DIVISION

9

10   ARMANDO HERNANDEZ,            )   Case No. CV 10-2489 JST (AN)
                                    )
11          Petitioner,            )   ORDER DISMISSING PETITION FOR
                                    )   WRIT OF HABEAS CORPUS BROUGHT
12      v.                         )   PURSUANT TO 28 U.S.C. § 2254
                                    )
13   MATTHEW CATE, CDC Secretary,  )
                                    )
14          Respondent.            )
     _____)
15

16          Before the court is the Second Amended Petition ("SAP") filed by petitioner Armando

17   Hernandez, a state prisoner who is proceeding pro se. The SAP is brought pursuant to 28

18   U.S.C. § 2254 ("§ 2254"). For the reasons discussed below, the reference to the magistrate

19   judge is vacated and the SAP is summarily denied and dismissed with prejudice.

                                 **I. Background**

20

21   **A.    The SAP[1/]**

22          Hernandez's SAP and attached exhibits establish he is currently serving a seven year

23   prison sentence for an assault with an automatic weapon conviction that he sustained on

24   January 29, 2008, in the California Superior Court for the County of Los Angeles (case no.

25   _____

26          [1/]  Hernandez was directed to file his SAP because his First Amended Petition

27   ("FAP") was not prepared in accordance with the court's 10/22/10 Order (AN) (dkt. 6). He
     filed his FAP because his initial petition was found to be subject to dismissal as a mixed

28   petition for the reasons set forth in the court's 9/28/10 Order (AN) (dkt. 4).

1  MA040421-01).  (SAP, ¶¶ 1-2.)  He is currently imprisoned at the Tallahatchie County

2  Correctional Facility ("TCCF"), a maximum-security facility for men in the Northern

3  District of Mississippi. (*Id.*, ¶ 1.)

4        However, his SAP is not directed at his state custody arising from his underlying 2008

5  conviction and sentence.   Instead, the SAP raises two claims that are directed at a

6  disciplinary matter where Hernandez was charged with, and found guilty of committing, a

7  CDC 115 rules violation (resistive inmate necessitating use of physical force) following a

8  disciplinary hearing at the Pleasant Valley State Prison located in Fresno, California, on

9  November 3, 2008 ("disciplinary infraction"). (*Id.* at 1; ¶ 7(a) & (b).)  The SAP raises two

10  claims, which are described and discussed more fully below.  A related 11/03/08 Rules

11  Violation Report ("RVR"), which is attached as an exhibit to the SAP, reflects Hernandez

12  is seeking federal habeas relief because he lost 90 days of good time credits as a result of

13  being found guilty of the disciplinary infraction. (*Id.*, Ex. 1 at 1-G.)

14  **B.     Hernandez's Prior § 2254 Petition**

15        This court's own records[2] establish this is the second time Hernandez has filed a §

16  2254 petition  with this court directed at his 2008 disciplinary infraction. *See Hernandez v.*

17  *Hubbard*, CV 09-06237 GHK (AN) ("*Hernandez I*").   Specifically, in 2009, he filed his

18  initial petition ("2009 petition") attacking his disciplinary infraction on three grounds, one

19  of which consisted of a Sixth Amendment claim that is substantively similar to the one

20  raised as ground one of his pending SAP. (*Hernandez I*, 2009 petition, ¶ 12, Ground Three,

21  (a). )  The 2009 petition was dismissed without prejudice as an unexhausted petition because

22  Petitioner admitted the three claims were unexhausted, however, in the alternative, the court

23  also found that, even if the Sixth Amendment claim had been exhausted, it was not

24  cognizable because the exhibits attached to the 2009 petition established he was given

25  sufficient notice, that he waived his right to call witnesses, and that there was some evidence

26  _____

27     [2] *See* Fed. R. Evid. 201 (c);  *Egan v. Teets*, 251 F.2d 571, 577 n. 10 (9th Cir. 1957)

28  (holding a district court in habeas corpus proceeding may take judicial notice of its order
and related findings in the prisoner's prior habeas proceedings).

1  supporting his disciplinary infraction.  (*Id.*, 9/22/09 Order (GHK) (dkt. 3) at 3-7).)

2  **C.      Relevant State Proceedings**

3        After his 2009 petition in *Hernandez I* was dismissed, Petitioner returned to the state

4  courts to exhaust the claims in his SAP by raising them in three state habeas petitions filed

5  with the superior court, the court of appeal, and state high court, respectively.  (FAP, ¶

6  7(a)(1)-(4); (b)(1)-(4).)  The superior court denied the first state habeas petition on the

7  merits in a reasoned decision.  (SAP, Ex. 3.)  The state appellate courts denied the second

8  and third habeas petitions, respectively, without comment.  (*Id.*, Exs. 5-7.)

9                                      **II. Discussion**

10  **A.      Jurisdiction**

11        Hernandez's challenge to his 2008 disciplinary infraction and related loss of 90 days

12  of good time credits constitutes a challenge to the duration or execution of his sentence.  A

13  state prisoner challenging the duration or execution of his sentence must seek federal habeas

14  relief pursuant to § 2254.  *See Preiser v. Rodriguez*, 411 U.S. 475, 487, 93 S. Ct. 1827

15  (1973) (holding even when the restoration of good-time credits would not result in

16  immediate release, but only shorten the length of actual confinement in prison, habeas

17  corpus is still the appropriate remedy); *Edwards v. Balisok*, 520 U.S. 641, 643-44, 117 S.

18  Ct. 1584 (1997) (holding the sole remedy in federal court for a prisoner seeking restoration

19  of good-time credits is a writ of habeas corpus); and *White v. Lambert*, 370 F. 3d 1002,

20  1009-10 (9th Cir. 2004) (holding § 2254 is the exclusive vehicle for a state prisoner to

21  challenge any aspect of his state custody).  Accordingly, this court finds it has subject matter

22  jurisdiction over Hernandez's claims, and that venue is proper in this district.  *See* 28

23  U.S.C. § 2241(d) (venue for a habeas action brought by a state prisoner is proper in either

24  the district of confinement or the district of conviction).

25  **B.      Standard of Review under § 2254**

26        Habeas petitions brought pursuant to § 2254 are subject to the Rules Governing

27  Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas

28  Rules") and the Local Rules of this court.  The Habeas Rules expressly provide that a

district court must examine a § 2254 petition before service and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Habeas Rule 4; *Mayle v. Felix*, 545 U.S. 644, 656, 125 S. Ct. 2562 (2005); *see also* Local Rule 72-3.2 (authorizing magistrate judge to prepare proposed order for summary dismissal and proposed judgment for district judge if it plainly appears from the face of petition that petitioner is not entitled to relief). Further, "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer. . . . In addition, 'notice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Habeas Rule 4, Advisory Committee Notes (1976 Adoption).

Under § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, a federal court may not grant a state prisoner's application for habeas relief for any claim adjudicated on the merits in state court proceedings unless the adjudication of the claim resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[;]" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d); *see Rice v. Collins*, 546 U.S. 333, 334, 126 S. Ct. 969 (2006); *Williams v. Taylor*, 529 U.S. 362, 405-09, 120 S. Ct. 1495 (2000); *Anderson v. Terhune*, 516 F.3d 781, 786 (9th Cir. 2008) (*en banc*). "Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029 (2003) ("*Miller-El I*") (citing 28 U.S.C. § 2254(e)(1)); *Moses v. Payne*, 555 F.3d 742, 745 n.1 (9th Cir. 2009); *Tilcock v. Budge*, 538 F.3d 1138, 1141 (9th Cir. 2008).

## C.   Analysis of Claims

The two claims raised in the SAP are: (1) a Sixth Amendment claim, where Hernandez principally alleges that, during his November 3, 2008 disciplinary hearing, the hearing officer violated his right to confront witnesses by denying him the opportunity to

1 cross-examine the two accusing correctional officers; and (2) a Fourteenth Amendment

2 claim where he principally alleges the hearing officer violated his right to due process by

3 denying his request to introduce a video tape and other evidence that would have exonerated

4 him. (*Id.* ¶ 7 (a)-(b).)

5       The court finds AEDPA's deferential standard of review applies to both claims.

6 Specifically, after this court dismissed his unexhausted 2009 petition, Hernandez returned

7 to the state courts and exhausted both claims by raising them in habeas petitions that he filed

8 with the superior court, the court of appeal, and California Supreme Court, respectively.

9 The superior court denied the first state habeas petition by way of its 9/24/09 order, which

10 establishes the superior court reached merits of the claims despite its preliminary finding

11 that the petition should have been filed in a different venue. (SAP, Ex. 3.) The habeas

12 petitions filed with the state appellate courts were denied without comment (*Id.*, Exs. 5-7),

13 however, these silent denials still constitute denials "on the merits" for purposes of federal

14 habeas review, and AEDPA's deferential standard of review applies. *Hunter v. Aispuro*, 982

15 F.2d 344, 348 (9th Cir. 1992); *Gaston v. Palmer*, 417 F.3d 1030, 1038 (9th Cir. 2005),

16 *amended by*, 447 F.3d 1165 (9th Cir. 2006) (holding postcard denials are construed as

17 decisions on the merits). Further, pursuant to the look through doctrine, this court must look

18 through the silent denials of the state appellate courts to the last reasoned state court

19 decision, which is the superior court's 9/24/09 order. *Ylst v. Nunnemaker*, 501 U.S. 797,

20 803, 111 S. Ct. 2590 (1991) (holding that when a state court has issued a reasoned decision

21 on a claim, it is to be assumed that "later unexplained orders upholding that judgment or

22 rejecting the same claim rest on the same ground").

23       The superior court's 9/28/09 order reflects the state courts denied both of Hernandez's

24 claims for the following reason:

25       Inmates may request that friendly and adverse witnesses

26       attend the hearing. (Cal. Code Regs., tit. 15, § 3315(e).)

27       Requested witnesses shall be called unless the Senior Hearing

28       Officer (SHO) denies the request for one of the following reasons:

1) the appearances would endanger the witness; 2) the official determines that the witness has no relevant or additional information; or 3) the witness is unavailable. (Cal. Code Regs., tit. 15, § 3315(e)(1).) If an inmate's request for a witness is denied, the reasons shall be documented on the CDC Form 115. (Cal. Code Regs., tit. 15, § 3315 (e)(2).) The reporting employee shall attend the disciplinary hearing or be available for questioning via speakerphone if requested by the inmate. (Cal. Code Regs., tit. 15, § 3315 (e)(4).) Under the direction of the official conducting the disciplinary hearing, the inmate has the right to ask questions of all witnesses called. (Cal. Code Regs., tit. 15, § 3315 (e)(5).) The SHO will screen all questions to ensure they are relevant to the violation charged. (Cal. Code Regs., tit. 15, § 3315 (e)(5).)

The inmate may present documentary evidence in defense or mitigation of the charges. Any finding of guilt shall be based upon determination by the official(s) conducting the disciplinary hearing that a preponderance of evidence submitted at the hearing substantiates the charge. (Cal. Code Regs., tit. 15, § 3320(1).)

According to the documentation attached to the petition, Mr. Hernandez never requested to have any witnesses attend the hearing. Accordingly, he waived his right to cross examine the two reporting employees. Petitioner's claims that he was denied his right to present video footage of the incident, his right to receive exonerating evidence, and his right to 'gain access to internal investigation conduct' are both vague and conclusory, and completely unsupported by any reasonably available documentation.[2]

[2]   Petitioner bears the burden of pleading facts which, if proven true, would entitle him to relief. (*People v. Duvall* (1995) 9 Cal. 4th 464.) In order to meet this burden, he must state with particularity the facts upon which he is relying to justify relief. (*In re Swain* (1949)  34 Cal. 2d 300, 303-304.) "Such factual allegations should also be supported by '[reasonably available] documentary evidence or affidavits.'"  (*In re Harris* (1993) 5 Cal. 4th 813, 827 fn. 5.)

(SAP, Ex. 3 at 3-A through 3-C.)

## 1.   Sixth Amendment Claim (Ground One)

This court finds the state courts' rejection of the Sixth Amendment claim for an alleged violation of Petitioner's right to confront or cross-examine any witnesses was not contrary to, or an unreasonable application of, clearly established federal law, and that it was based upon a reasonable determination of the facts, for three reasons.

First, Hernandez has not cited, and this court has not found, any United States Supreme Court precedent clearly establishing that the Sixth Amendment's confrontation clause applies to prison disciplinary proceedings as well as criminal trials.  Where no decision of the United States Supreme Court "squarely addresses" an issue or provides a "categorical answer" to the question before the state court, § 2254 (d)(1) bars relief because the state court's adjudication of the issue cannot be contrary to, or an unreasonable application of, clearly established Supreme Court precedent. *Wright v. Van Patten*, 552 U.S. 120, 123-26, 128 S. Ct. 743 (2008);  *Moses*, 555 F.3d at 753.

Second, the Supreme Court has expressly stated "[p]rison disciplinary hearings are not criminal proceedings[,]" therefore, there is no Sixth Amendment right to confront and cross-examine a witness at a prison disciplinary hearing. *Baxter v. Palmigiano*, 425 U.S. 308, 316, 321-23 (1976).

1       Third, the state courts' rejection of the Sixth Amendment claim based upon its finding
2   that Hernandez waived any right to confront and call witnesses was based upon a reasonable
3   determination of the facts. Specifically, the RVR attached as an exhibit to the SAP
4   substantiates the state courts' finding that on October 17, 2008 -- 17 days before the
5   11/03/08 hearing -- Hernandez was given a copy of the disciplinary charges and the
6   opportunity to request witnesses to be present at his hearing but he waived his right to do
7   so by failing to make a timely and proper request. (SAP, Ex. 1 at 1-D; Ex. 2 at 2-O.)
8   Consequently, the state courts' finding is not only based upon a reasonable determination
9   of the facts, but it is entitled to a presumption of correctness where, as here, Hernandez has
10  not proffered any clear and convincing evidence to the contrary. § 2254(e)(1); *Miller-El*
11  *I*, 537 U.S. at 340; *Moses*, 555 F.3d at 745 n.1; *Tilcock*, 538 F.3d at 1141.

12      Accordingly, the court finds it plainly appears from the SAP and attached exhibits that
13  Hernandez's Sixth Amendment claim is subject to summary dismissal pursuant to Habeas
14  Rule 4 because it fails to set forth facts that demonstrate a real possibility of a constitutional
15  error, and because the facts that are set forth establish he is not entitled to relief under §
16  2254(d)(1).

17      **2.   Fourteenth Amendment Claim (Ground Two)**

18      As discussed above, the superior court's 9/28/09 order establishes the state courts
19  rejected Hernandez's Fourteenth Amendment due process claim with respect to the video
20  footage of the incident and other alleged exonerating evidence because it was "vague and
21  conclusory, and completely unsupported by any reasonably available documentation[,]"
22  which Hernandez had the burden of showing. (SAP, Ex. 3 at 3-B & 3-C.)

23      The court finds Hernandez is not entitled to any § 2254(d)(1) relief for the state
24  courts' rejection of his due process claim for the following reasons.

25      With respect to prison disciplinary proceedings, it is clearly established that due
26  process requires prison officials to provide the inmate with: (1) a written statement at least
27  24 hours before the disciplinary hearing that includes the charges, a description of the
28  evidence against the inmate, and an explanation for the disciplinary action taken; (2) an

1  opportunity to present documentary evidence and call witnesses, unless calling witnesses
2  would interfere with institutional security; and (3) legal assistance where the charges are
3  complex or the inmate is illiterate. *See Wolff v. McDonnell*, 418 U.S. 539, 563-70, 94 S. Ct.
4  539 (1974); *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir. 1994) (per curiam) (holding due
5  process requirements met in context of prisoner's administrative classification where
6  prisoner had some notice of the charges against him and an opportunity to respond). Due
7  process is satisfied where these minimum requirements have been met, *see Walker v.*
8  *Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994), and where there is "some evidence" in the
9  record as a whole which supports the decision of the hearing officer, *see Superintendent v.*
10 *Hill*, 472 U.S. 445, 455, 105 S. Ct. 2768 (1985). The "some evidence" standard is not
11 particularly stringent and is satisfied where "there is any evidence in the record that could
12 support the conclusion reached." *Id.* at 455-56.

13     Here again, the RVR attached as an exhibit to the SAP, contradicts Hernandez's
14 conclusory allegations of a due process violation, which are disregarded.[3/] Specifically, the
15 attached RVR establishes, at least 24 hours before the hearing, Hernandez was provided
16 with copies of the disciplinary charges, all non-confidential investigative reports and other
17 documents that could be considered as evidence. (SAP, Ex. 1 at 1-C; Ex. 2 at 2-N.) These
18 materials were reviewed with Hernandez in the hearing and "[h]e stated that he understood
19 both and that he was prepared to begin the hearing." (*Id.*) Further, the RVR expressly
20 establishes that "[i]nmate Hernandez did not request additional material/evidence to be
21 presented during the hearing." (*Id.*, Ex. 1 at 1-D; Ex. 2 at 2-O.)

22

23

24     [3/]   Federal Rules of Civil Procedure ("Rule") that are not inconsistent with the
25 Habeas Rules may be applied to § 2254 petitions. Habeas Rule 12. Rule 10(c) provides,
   in relevant part, "[a] copy of a written instrument that is an exhibit to a pleading is a part of
26 a pleading for all purposes." *See also Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896
   F.2d 1542, 1555 n. 19 (9th Cir. 1990) (holding the court may consider exhibits attached to
27 a complaint). Further, the court may disregard allegations contradicted by exhibits or
28 documents referenced in a complaint, or that are properly subject to judicial notice. *Lazy*
   *Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

1     Moreover, Petitioner has failed to show that he suffered any specific prejudice
2  resulting from the failure to introduce the alleged surveillance video or other alleged
3  exculpatory evidence. *See Bostic v. Carlson*, 884 F.2d 1267, 1273 (9th Cir. 1989) ("The
4  inmate, however, must inform the committee of the nature of the testimony each witness will
5  deliver in order to allow the committee to determine whether institutional concerns would
6  preclude calling the witnesses"); *see also Knight v. Evans*, 2008 WL 104279 (N.D. Cal.
7  2008) (prison officials' errors in denying a request to call a witness subject to harmless error
8  review), citing *Grossman v. Bruce*, 447 F.3d 801, 805 (10th Cir. 2006) (joining the Second,
9  Fourth, and Seventh Circuits applying harmless error review to disciplinary proceedings in
10  federal prisons).

11     Last but not least, as discussed above, in *Hernandez I*, another member of this court
12  considered the Sixth Amendment claim that Hernandez raised in his 2009 petition.  The
13  court found the Sixth Amendment claim lacked merit for the following reason:

14          In support of his Petition and claims, Hernandez has attached
15          prison records that disclose the following. On October 7, 2008,
16          Hernandez was housed at the Pleasant Valley State Prison
17          ("PVSP") in Fresno, California.  PVSP correctional officer
18          Burnes directed Hernandez to vacate a table in a closed area.
19          Hernandez did not comply and stated he was going to write a
20          CDCR 602 complaint. Burnes again instructed Hernandez to step
21          away from the table and notified Hernandez he was going to
22          perform a clothed body search.  Hernandez initially complied but
23          he then [] twisted his upper body to face Burnes, went limp, and
24          then fell into a seated position.  Not knowing whether Hernandez
25          had a concealed weapon, Burnes forced Hernandez onto his
26          stomach to handcuff him.  Hernandez resisted and struggled so
27          another PVSP correctional officer (J. Hernandez) helped Burnes
28          restrain Hernandez.  On October 7, 2008, Hernandez was charged

1      with committing a CDC 115 disciplinary infraction (resistive

2      inmate) and, on October 17, 2008, Hernandez was given a copy

3      of the CDC 115.  A CDC 115 Rules Violation Report dated

4      November 3, 2008 ("RVR") that is attached as an exhibit to the

5      Petition establishes that, on that date,  a disciplinary hearing was

6      held in connection with Hernandez' CDC 115 disciplinary charge.

7      ***The RVR establishes, at the outset of the hearing, Hernandez***

8      ***acknowledged receiving copies of the CDC 115 and related***

9      ***exhibits more than 24 hours in advance of the hearing.  The***

10     ***RVR further establishes that, on October 17, 2008, Hernandez***

11     ***was given an opportunity to request witnesses as well as a copy***

12     ***of the CDC 115, however, Hernandez did not request any***

13     ***witnesses to be present so no witnesses were called to testify at***

14     ***the hearing.***  After the hearing, Hernandez was found guilty of

15     committing the CDC 115 and his punishment included a loss of

16     90-days of good time credits and 90-days of yard privileges.

17 (*Hernandez I*, 9/22/09 Order at 2-3 (emphasis added.).

18     In the Ninth Circuit it is well-settled that, "where the same ground for relief has been

19 adjudicated in a prior federal habeas corpus proceeding a federal judge is not required to

20 reconsider it in a subsequent habeas corpus proceeding if [s]he is satisfied that the ends of

21 justice will not be served by such inquiry." *Linden v. Dickson*, 287 F.2d 55, 60 (9th Cir.

22 1961).  Nonetheless, to the extent the 2009 petition was dismissed as an unexhausted

23 petition, this court has independently considered the Sixth Amendment claim presented in

24 the SAP, and finds it still fails to show Hernandez is entitled to § 2254(d)(1) relief.

25     Based upon the foregoing, the court finds it plainly appears from the SAP and

26 attached exhibits the Sixth Amendment claim is subject to summary dismissal because it

27 fails to show a real possibility of constitutional error.  Moreover, the attached exhibits

28 establish the state courts' rejection of this claim was not contrary to, or an unreasonable

Page 11

1  application of, clearly established federal law, and that it was based upon a reasonable
2  determination of the facts.

3

4                              **III. Conclusion**

5         For the reasons set forth above, the reference to the Magistrate Judge is vacated and
6  the Petition is summarily dismissed with prejudice. The clerk is directed to enter a judgment
7  dismissing the entire action with prejudice and notify Hernandez.

8

9  **IT IS SO ORDERED.**

10

11

12  DATED: ~~December~~ JANUARY 2, 2011

13                                        JOSEPHINE STATON TUCKER
                                          UNITED STATES DISTRICT JUDGE

14

15  Presented by:

16

17

18      Arthur Nakazato
   United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28